**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**NOV 16 2001**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DANIEL L. GUILD,

     Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY
COMPANY,

     Defendant-Appellee.

No.  00-1472
(D.C. No. 98-WM-2408)
(D. Colo.)

**ORDER AND JUDGMENT**   *

Before  **EBEL** , **KELLY** , and  **LUCERO** , Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

     Plaintiff David J. Guild is appealing the district court's entry of summary judgment in favor of defendant Continental Casualty Company on his claim for

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

disability benefits under the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. § 1132(a)(1)(B). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

## I. Background

Plaintiff was employed as a computer systems development specialist with Computer Data Systems, Inc. Plaintiff's job required him to sit at a desk and work at a computer. Through his employer, plaintiff was a beneficiary under a disability insurance policy issued by defendant, and defendant was the administrator of the disability benefits plan under ERISA. Plaintiff submitted a claim for long-term disability benefits to defendant. Plaintiff alleged that he was totally disabled and unable to perform his job because back problems prevented him from sitting for long periods of time. Defendant denied plaintiff's claim for disability benefits. Plaintiff then appealed to defendant's appeal committee, and the appeal committee upheld the denial of plaintiff's claim for disability benefits.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), plaintiff then brought a civil enforcement action against defendant under ERISA to recover the disability benefits allegedly due him. Defendant filed a motion for summary judgment, and the parties consented to having a United States Magistrate Judge decide the motion under 28 U.S.C. § 636(c). The magistrate judge entered an order granting defendant's motion for summary judgment, finding that there were no genuine

issues of material fact for trial and that defendant's denial of plaintiff's claim for disability benefits was not arbitrary or capricious.

The magistrate judge found that the medical evidence submitted by plaintiff did not substantiate his claim for total disability benefits. Specifically, while plaintiff's medical records established that he suffered from a herniated disc and osteoporosis and that he was precluded by these conditions from heavy lifting, squatting, or bending, the magistrate judge found that none of plaintiff's doctors opined that he was unable to perform his sedentary desk job. Instead, as set forth in the report of Dr. John Papilion, the only pertinent limitation was that plaintiff was "unable to work in a position which requires him to be upright and sitting for more than two hours." Aplt. App. at 16. The magistrate judge found that defendant reasonably interpreted this limitation as only "requir[ing] that Mr. Guild get up and move around regularly if he is sitting," *id.* at 6, as opposed to being "an absolute limitation on sitting upright for two hours, . . . during any one day," *id.* at 7. According to the magistrate judge, defendant's conclusion that plaintiff was able to perform his sedentary desk job was therefore reasonable and supported by substantial evidence, and defendant did not act arbitrarily or capriciously in denying plaintiff's claim for disability benefits.

## II. Discussion

"Review of a grant of summary judgment is de novo, applying the same legal standards used by the district court." *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"In addition to the standards we use to evaluate the district court's order, we must also address the appropriate standard with which the court should review [defendant's] denial of benefits under the ERISA plan it administers." *Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, 1295 (10th Cir. 2000). The Supreme Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the parties do not dispute that defendant, as administrator of the plan, had the discretionary authority to determine eligibility for benefits. Thus, the de novo standard of review is not applicable, and we "must uphold [defendant's] decision to deny [plaintiff] benefits unless it

was arbitrary and capricious." *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 (10th Cir. 1996).

Under the arbitrary and capricious standard of review, we "may not overturn a plan administrator's decision if it was reasonable, given the terms of the plan, and made in good faith." *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1292 (10th Cir. 1999). As we have explained:

> When reviewing under the arbitrary and capricious standard, [t]he Administrator['s] decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within [his] knowledge to counter a claim that it was arbitrary or capricious. The decision will be upheld unless it is not grounded on *any* reasonable basis. The reviewing court need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness--even if on the low end.

*Kimber*, 196 F.3d at 1098 (quotations and citations omitted).

"However, if a plan administrator is operating under a conflict of interest, the court may weigh that conflict as a factor in determining whether the plan administrator's actions were arbitrary and capricious." *Pitman*, 217 F.3d at 1295 (quotation omitted). In cases where a conflict of interest exists, we therefore apply a less deferential standard of review, and we have "adopted a sliding scale, decreasing the level of deference in proportion to the severity of the conflict." *Id.* (quotation omitted). In other words, "[t]he conflict . . . is weighed as one factor in determining whether the plan administrator's decision was arbitrary and capricious." *Id.*

Plaintiff claims that defendant was operating under a conflict of interest because it is both the administrator and the insurer of the subject ERISA plan. We agree. As the insurer of the plan, defendant had "a financial interest in denying claims in order to remain economically viable as well as competitive within the insurance industry." *Id.* at 1296. As a result, in its dual capacity as both insurer and administrator, defendant was faced with "an inherent conflict of interest between its discretion in paying claims and its need to stay financially sound." *Id.* n.4. Accordingly, we must consider defendant's conflict of interest as one factor in determining whether defendant's denial of disability benefits to plaintiff was arbitrary and capricious.

Despite defendant's conflict of interest, we hold that defendant had a reasonable basis for denying plaintiff's claim for disability benefits, and its denial of benefits to plaintiff was not arbitrary or capricious. In order to establish a total disability under defendant's disability policy, plaintiff was required to prove that he was "continuously unable to perform the substantial and material duties of his regular occupation." Aplt. App. at 30. As found by the magistrate judge, the crux of this dispute was the statement of Dr. Papilion that plaintiff was "unable to work in a position which requires him to be upright and sitting for more than two

hours."[1] *Id.* at 16. This statement is ambiguous and subject to interpretation. On the one hand, as argued by plaintiff, this statement could be construed as an absolute prohibition against sitting upright for more than two hours during any one day. On the other hand, as argued by defendant, the statement can also be construed as meaning only that plaintiff cannot remain seated for more than two hours during any particular work session and that he must therefore "get up and move around regularly if he is sitting." *Id.* at 6. We agree with the magistrate judge that the latter interpretation is a reasonable one under the circumstances of this case, and we therefore affirm the magistrate judge's finding that defendant's denial of plaintiff's claim for total disability benefits was not arbitrary or capricious.

---

[1] Plaintiff submitted seven medical reports to the district court as part of his opposition to defendant's motion for summary judgment. Out of these reports, Dr. Papilion was the only doctor who specifically addressed the issue of whether plaintiff was subject to any sitting limitations due to his back problems. On appeal, plaintiff has submitted the medical report of Dr. Myhra dated March 31, 1999, in which he stated that plaintiff "could not sit or stand for any long duration." Aplt. App. at 11. However, Dr. Myhra's report was prepared over seven months after the appeal committee denied plaintiff's claim for disability benefits, and we have held that "in reviewing decisions of plan administrators under the arbitrary and capricious standard, the reviewing court may consider only the evidence that the administrators themselves considered." *Chambers*, 100 F.3d at 823. In addition, as with Dr. Papilion's statement, Dr. Myhra's statement can reasonably be construed as meaning only that plaintiff must periodically get up and move around if he is sitting for extended periods of time. We also note that, while Dr. Myhra apparently prepared an earlier report dated January 19, 1998, *see* Aplt. App. at 26, the prior report is not part of the record on appeal.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge