**Mary Francis WALDEN,
Plaintiff–Appellant,**

v.

**Anthony J. PRINCIPI,\* Secretary of Veterans Affairs; United States Department of Veterans Affairs, Agency, Defendants–Appellees.**

**No. 01–7075.**

United States Court of Appeals,
Tenth Circuit.

June 4, 2002.

Before EBEL, HOLLOWAY, and MURPHY, Circuit Judges.

---

\* On January 23, 2001, Anthony J. Principi became Secretary of Veterans Affairs. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Principi is substituted for Hershel W. Gober as an appellee in this action.

ORDER AND JUDGMENT \*\*

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Mary Francis Walden appeals from the grant of summary judgment in favor of the Secretary of Veterans Affairs and the United States Department of Veterans Affairs (VA) on her claims of discrimination based on age, race, sex, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 624. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

Plaintiff, a seventy-six year old white female, was employed as Chief of Health Information Management at the Veterans Affairs Medical Center (VAMC) in Muskogee, Oklahoma, and was the supervisor of medical records at that facility. While working at VAMC, plaintiff filed three separate complaints with the Equal Employment Opportunity Commission (EEOC). Those complaints form the bases for this appeal.

On January 27, 1997, plaintiff filed administrative complaint No. 97–0891, alleg-

---

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ing discrimination based on age, gender, race, and retaliation for her prior EEO activity. That complaint was based on (1) a supervisor's letter admonishing plaintiff for insubordination and delay in carrying out certain job-related instructions; (2) plaintiff's claim that the same supervisor encouraged black employees to bypass her with their problems; and (3) plaintiff's claim that her prior EEOC testimony against this supervisor led to retaliation. In this case, the district court concluded that plaintiff's allegations that her supervisor encouraged black employees to bypass her was unsupported by the evidence and that therefore she did not demonstrate the existence of an adverse employment action giving rise to an inference of unlawful discrimination. While the court found a genuine factual dispute existed as to whether the letter of admonishment was an adverse employment action, it concluded plaintiff's evidence was insufficient to show a prima facie case of age, gender, or race discrimination based on the letter. Finally, as to her claim of retaliation, the court found plaintiff's evidence did not demonstrate a causal connection between the protected EEO activity and the letter of admonition.

On September 17, 1997, plaintiff filed administrative complaint No. 98–0425, claiming discrimination in connection with the VA's failure to promote her, relocation of her work station, harassment, and working conditions. The EEOC dismissed her failure-to-promote claim as uncounseled. The EEOC affirmed that dismissal and ultimately denied plaintiff's request for reconsideration on November 5, 1999. While the record is not clear as to when plaintiff received the EEOC's final order concerning this claim, the district court found that plaintiff had notice of the order on May 25, 2000, the undisputed date on which plaintiff's attorney forwarded a copy of the order to the administrative law judge.

Therefore, the district court concluded that plaintiff's complaint regarding this claim, filed September 8, 2000, was untimely as it was filed beyond the ninety-day limitation period. As to the other allegations in this complaint, the district court found that the VA offered facially legitimate, nondiscriminatory reasons for relocating plaintiff to a nonsupervisory position in another administrative section, which plaintiff was unable to show were a pretext for impermissible discriminatory conduct.

Finally, on December 24, 1997, plaintiff filed complaint No. 98–0705, where she again alleged discriminatory conduct concerning the VA's failure to promote her, harassment, reassignment, and working conditions, as well as damage to her professionalism and integrity, and defamation. The agency dismissed this complaint on February 24, 2000, and plaintiff did not appeal the dismissal. Therefore, the district court found these claims also barred by the applicable ninety-day limitation period.

## II.

"We review the grant of summary judgment de novo, applying the same standard as did the district court." *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir.2000). Summary judgment is proper if the moving party shows that "there is no genuine issue as to any material fact and [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Accordingly, "this court examines the record to determine whether any genuine issue of material fact is in dispute. We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir.1999). If no material issues of fact are in dispute we

determine whether the district court correctly applied the substantive law, which we review de novo. *See Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290–91 (10th Cir.1999). Summary judgment is appropriate against any party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff argues on appeal that (1) she did not receive proper notice of the EEOC's dismissal of her first failure-to-promote claim; (2) the dismissal of that claim was against the weight of the available evidence and in violation of EEOC regulations made effective November 9, 1999, four days after her request for reconsideration was denied; (3) the district court erred in finding complaint No. 98–0705 barred by the statute of limitations; and (4) the district court erred in granting summary judgment as there remain genuine issues of material fact to be tried.

We have carefully reviewed the district judge's decision in light of the parties' briefs and the record on appeal, and we are unpersuaded by plaintiff's assertions of error. Accordingly, for substantially the same reasons as those set forth in the district court's order dated April 25, 2001, the judgment is AFFIRMED.